**\*\*\*NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER\*\*\***

**Electronically Filed
Supreme Court
SCWC-19-0000504
09-NOV-2022
09:07 AM
Dkt. 17 SO**

SCWC-19-0000504

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I, Petitioner/Plaintiff-Appellant,

vs.

JERAMY M. TRONSON, Respondent/Defendant-Appellee.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-19-0000504; CASE NO. 1DTA-19-00119)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, and
Circuit Judge Wong, assigned by reason of vacancy,
with Wilson, J., dissenting, with whom McKenna, J., joins)

## I.    INTRODUCTION

Petitioner/Plaintiff-Appellant State of Hawai'i (State) filed a timely application for a writ of certiorari from the July 31, 2020 judgment on appeal of the Intermediate Court of Appeals (ICA) entered pursuant to the ICA's June 30, 2020 Memorandum Opinion, which affirmed the May 9, 2019 judgment of

the District Court of the First Circuit.[1]  The district court's judgment granted Respondent/Defendant-Appellee Jeramy M. Tronson's Motion to Suppress Statements after finding that Tronson was subject to custodial interrogation without being given <u>Miranda</u> warnings.

We hold that under our decision in <u>State v. Sagapolutele-Silva</u>, 151 Hawaiʻi 283, 511 P.3d 782 (2022), Tronson was not in custody at the time he was asked the medical rule-out questions as the record does not support the conclusion that the circumstances of his stop rose to that of a formal arrest.  The ICA erred to the extent it held otherwise.

## II.  BACKGROUND

Tronson was pulled over at around 3:30 a.m. by a Honolulu Police Department (HPD) officer after almost hitting the officer's car.  After being informed why he was stopped, Tronson apologized to the officer for almost hitting his car. The officer noticed that Tronson's eyes were red and glassy, his speech was slurred, and his breath smelled like alcohol.  The officer asked Tronson if he was willing to participate in a Standardized Field Sobriety Test (SFST), and Tronson agreed. Prior to administering the test, the officer asked, and Tronson answered in the negative, the medical rule-out questions.

---

[1]     The Honorable Summer M.M. Kupau-Odo presided.

Tronson was arrested and charged with Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawai'i Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2018)[2] and Reckless Driving in violation of HRS § 291-2 (2007).[3] As relevant here, Tronson moved to suppress his answers to the medical rule-out questions.[4] The district court ruled that Tronson was in custody at the time these questions were asked, and the ICA affirmed that finding. The ICA acknowledged that the test for determining whether a suspect is in custody requires consideration of the totality of the circumstances, but emphasized the existence of probable cause to arrest Tronson for

---

[2]     HRS § 291E-61(a)(1) provides in relevant part:

(a)     A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
(1)     While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[3]     HRS § 291-2 provides: "Whoever operates any vehicle . . . recklessly in disregard of the safety of persons or property is guilty of reckless driving of vehicle . . . and shall be fined not more than $1,000 or imprisoned not more than thirty days, or both."

[4]     Tronson's motion to suppress also sought to suppress all of his statements subsequent to the traffic stop. The district court granted this motion in full. On appeal, the ICA affirmed the district court's suppression of Tronson's answers to the medical rule-out questions, while vacating the court's suppression of Tronson's answers to whether he would participate in the SFST and understood the SFST instructions as well as the results of the SFST. Because the State's application for writ of certiorari only contests the ICA's decision as to the medical rule-out questions, and because Tronson did not file an application for writ of certiorari, the latter determinations are not at issue in this order.

Reckless Driving.  State v. Tronson, 147 Hawai'i 628, 465 P.3d 1075, 2020 WL 3542147, at *4-5 (App. June 30, 2020) (mem. op.). The ICA also held that the medical rule-out questions constituted interrogation.  Id. at *7.

A.    District Court Suppression Proceedings

The district court held a hearing on Tronson's motion to suppress on May 9, 2019.  After hearing testimony from the State's sole witness, HPD Officer Tyler Maalo, the district court found that Tronson "was in custody for Miranda purposes at the time of the stop . . . because . . . clearly the officer had probable cause to arrest [] Tronson even before he approached the vehicle based on his observations of defendant's driving." The district court granted Tronson's motion to suppress.  Its written conclusions of law (COLs) state in relevant part as follows:

> 5.  To determine whether "interrogation" is "custodial," [the court] look[s] to the totality of the circumstances, focusing on 'the place and time of the interrogation, the length of the interrogation, the nature of the questions asked, the conduct of the police, and [any] other relevant circumstances.'"  [State v. ]Ketchum, [97 Hawai'i 107,] 122[, 34 P.3d 1006, 1021 (2001) (citations omitted).]  Among the "other relevant circumstances" to be considered are whether the investigation has focused on the suspect and whether the police have probable cause to arrest the suspect.  (First, second, and third alterations in original).

> 6.  At the time when Officer Maalo first approached Defendant while he was seated in his vehicle, there existed probable cause to arrest Defendant for the offense of Reckless Driving; and Defendant was not free to leave. Accordingly, at this time, Defendant was "in custody" for Miranda purposes.

The State appealed.

**B.    ICA Proceedings**

On appeal, the State challenged the district court's conclusion that Tronson was subject to custodial interrogation. In essence, the State claimed that "Miranda warnings were not required, because Tronson was not in custody or interrogated before the SFST had been administered and [he] was arrested for OVUII."

In a memorandum opinion, the ICA agreed with the district court that Tronson was in custody and subject to interrogation when asked the medical rule-out questions. Citing State v. Ah Loo, 94 Hawai'i 207, 211, 10 P.3d 728, 732 (2000), the ICA acknowledged that Tronson was not in custody simply because he was seized. Tronson, 2020 WL 3542147, at *4. But the ICA still concluded that Tronson was in custody, based primarily on the existence of probable cause to arrest for Reckless Driving:

> As we further noted in Sagapolutele-Silva, there is no requirement for the police to arrest a suspect once probable cause is established. Sagapolutele-Silva, 2020 WL 1699907 at *6 (citation omitted). The police need not halt an investigation the moment they have the minimum evidence to establish probable cause because it may fall short of evidence necessary to support a criminal conviction. Id. Nevertheless, "[a]n individual in police custody may not be subjected to interrogation without first being advised of his Miranda rights." Id. (citation and internal quotation marks omitted).
>
> Under the totality of the circumstances in this case, Tronson was in custody for Reckless Driving. Officer Maalo had probable cause to arrest him for Reckless Driving when he stopped him. In addition, as discussed below, upon his initial conversation with Tronson, Officer Maalo had a reasonable suspicion that he was driving while intoxicated.

5

> Officer Maalo testified that Tronson was not free to leave from the time he was stopped. Under the totality of the circumstances, the District Court did not err in COL 6 in concluding that Tronson was in custody and that Tronson should have been given <u>Miranda</u> warnings prior to any interrogation.

<u>Id.</u> at *5.

Finally, the ICA held that the medical rule-out questions were interrogation. Accordingly, the ICA affirmed the district court's suppression of Tronson's responses to the medical rule-out questions.

The State filed a timely application for writ of certiorari.

## C.   Application for Writ of Certiorari

The State raises three questions in its application:

> 1. Whether the ICA gravely erred in holding that Respondent-Defendant-Appellee, Jeramy M. Tronson (Tronson) was in custody as soon as Honolulu Police Department (HPD) Officer Tyler Maalo pulled him over.
>
> 2. Whether the ICA gravely erred in holding that the medical rule-out questions asked as part of the Standard Field Sobriety Test (SFST) are interrogation.
>
> 3. Whether the ICA gravely erred in suppressing Tronson's answers to the medical rule-out questions.

Tronson did not file a response.

### III. DISCUSSION

As we recently held in <u>Sagapolutele-Silva</u>, 151 Hawai'i at 287, 511 P.3d at 786, the test to determine whether a person is in custody is one of the totality of the circumstances, objectively appraised from the perspective of a reasonable person in the suspect's position.

6

Applied here, Tronson was not in custody. The circumstances of Tronson's detention amounted to no more than a routine traffic stop, not the functional equivalent of a formal arrest. Tronson was stopped briefly in public. Although Officer Maalo believed he had probable cause to arrest Tronson for Reckless Driving, Officer Maalo did not tell Tronson that he was not free to go or otherwise restrain him from leaving. As we explained in Sagapolutele-Silva, 151 Hawai'i at 296, 511 P.3d at 795, "[w]hile '[a]n officer's knowledge or beliefs may bear upon the custody issue if they are conveyed, by word or deed, to the individual being questioned,' they 'are relevant only to the extent they would affect how a reasonable person in the position of the individual being questioned would gauge the breadth of his or her "freedom of action."'" (quoting Stansbury v. California, 511 U.S. 318, 325 (1994)) (second alteration in original). Officer Maalo informed Tronson why he stopped him, and Tronson apologized to Officer Maalo for almost hitting his car, but there is nothing to indicate that Tronson understood that he had implicated himself in a crime that could lead to his arrest. The point of arrest had not arrived, and Miranda warnings were not required.[5]

---

[5]     Because Tronson was not in custody at the time the medical rule-out questions were asked, we need not reach the issue of interrogation; Miranda warnings were not required.

7

Accordingly, we hold that the ICA erred in affirming the district court's suppression of Tronson's answers to the medical rule-out questions.

## IV.  CONCLUSION

For the foregoing reasons, the ICA erred in affirming the district court's suppression of Tronson's responses to the medical rule-out questions.  The ICA's July 31, 2020 judgment on appeal and the district court's May 9, 2019 judgment are vacated as to the suppression of those responses.

In all other respects, the judgment of the ICA is affirmed.  This case is remanded to the district court for further proceedings consistent with this order.

DATED: Honolulu, Hawai'i, November 9, 2022.

Brian R. Vincent,  /s/ Mark E. Recktenwald
for petitioner

/s/ Paula A. Nakayama

Alen M. Kaneshiro,
for respondent  /s/ Paul B.K. Wong

